UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TINA T., on behalf of J.J.W.,

              Plaintiff,

v.                                                   5:23-CV-0500
                                                   (GTS/TWD)
COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

APPEARANCES:                              OF COUNSEL:

OLINSKY LAW GROUP                HOWARD D. OLINSKY, ESQ.
  Counsel for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION    CANDACE BROWN CASEY, ESQ.
  Counsel for Defendant
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Tina T. ("Plaintiff") on behalf of J.J.W. ("Claimant") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 28 U.S.C. § 636(b), are (1) the Report-Recommendation of United States Magistrate Judge Thérèse Wiley Dancks recommending that Plaintiff's motion for judgment on the pleadings be denied and that Defendant's motion for judgment on the pleadings be granted, (2) Plaintiff's objection to the Report-Recommendation, and (3) Defendant's response to Plaintiff's objections.  (Dkt. Nos. 22, 23, 24.)  For the reasons set forth below, the

Report-Recommendation is accepted and adopted in its entirety, the Commissioner's decision is affirmed, and Plaintiff's Complaint is dismissed.

## I.  RELEVANT BACKGROUND

### A.  Magistrate Judge Dancks' Report-Recommendation

Generally, in her Report-Recommendation, Magistrate Judge Dancks determined that the ALJ's findings of less-than-marked limitations in the domains of interacting with others and self-care, and the resulting finding that Claimant is not disabled, are supported by substantial evidence in the record and contain no legal error.  (Dkt. No. 22.)

First, Magistrate Judge Dancks determined that the ALJ's decision to assign Ms. Ceilly's opinion less weight was legally sound and supported by substantial evidence.  More specifically, the ALJ found the greater limitations in various domains of functioning cited by Ms. Ceilly were inconsistent with other evidence in the record.  For example, Claimant's other teachers from previous grades reported no issues in the majority of functional domains, consultative examiner Dr. Noia reported Claimant had positive relationships with adults/siblings/peers and no limitations in maintaining social behavior, and state agency psychologist Dr. Bruni found only a mild limitation in the area of socialization. (*Id*. at 16-22.)

Second, the ALJ provided a reasonable explanation for finding Ms. Ceilly's opinion did not support marked limitations specifically in the domains of interacting/relating with others and self-care,  finding Claimant's decline in functioning and school performance during third and fifth grade could be partially attributed to inconsistent medical treatment and poor sleep habits based on more recent evidence showing Claimants's functioning had improved after a change in treatment plan.  Of note, Claimant has been off ADHD medication since 2022.  (*Id*. at 10.)

### B. Plaintiff's Objection to the Report-Recommendation

Generally, in her Objections to the Report-Recommendation, Plaintiff asserts that Magistrate Judge Dancks erred by finding the ALJ's decision is supported by substantial evidence because the ALJ selectively relied on certain evidence in the record to support her findings and unfairly discounted Ms. Ceilly's opinion on the grounds it was inconsistent with other evidence without adequately explaining her reliance on such evidence. (Dkt. No. 23.)

First, Plaintiff argues the ALJ erred by relying on Ms. Becker and Ms. Episcopo's evaluations which do not reflect the limitations in the domains of interacting/relating with others and caring for oneself later reported by Ms. Ceilly. More specifically, Plaintiff argues that the ALJ merely recited evidence in violation of standards set under *Hickman ex rel. M.A.H. v. Astrue*, 728 F. Supp. 2d 168 (N.D.N.Y. 2010), failed to consider all of the functional domains required under 20 CFR §416.926a(b)(I)-(iv), and presented only "a mere scintilla of evidence" in rejecting Ms. Ceilly's opinion. (*Id*. at 1-4.)

Second, Plaintiff asserts that because Claimant is a minor, the ALJ was required to provide a greater level of articulation beyond the typical deferential substantial evidence standard, but failed to do so. More specifically, Plaintiff argues the ALJ failed to acknowledge post-2016 evidence which more closely aligns with Ms. Ceilly's findings, including Ms. Episcopo noting claimant's inability to work independently and/or tendency to 'shut down' during work periods. Plaintiff respectfully directs the Court to her initial brief for further evidence of Claimant's limitations. (*Id*.)

### C. Defendant's Response to Plaintiff's Objections

Generally, in response to Plaintiff's objections, Defendant asserts that the Court should reject those objections because Plaintiff has merely reasserted her prior arguments to the Court and has failed to point to any legal error which would require remand. (Dkt. No. 24.) Nevertheless, he also makes three arguments addressing the substance of Plaintiff's objections.

First, Defendant argues that the ALJ justified her findings by noting that any decline in Claimant's social and intellectual functioning was not fully attributable to Claimant's ADHD and learning disorder but rather to an improper treatment/medication plan and poor sleep habits. Defendant asserts that evidence shows that, once those issues were addressed, Claimant's functioning improved. (*Id*.)

Second, Defendant argues that Ms. Ceilly's opinion did not show Claimant had markedly worse limitations in the domains of interacting/relating with others and self-care when compared to other opinions in the record. The ALJ considered other evidence in the record, including teacher evaluations, state agency opinions, and Claimant's self-reports, all of which collectively show that Claimant had less than marked limitations in the domains of interacting/relating with others and self-care, including evidence showing "cooperative behavior," improved response to medication, and reported activities of daily living. (*Id*.)

Finally, Defendant asserts that, even if the ALJ had assigned greater weight to Ms. Ceilly's opinion, this would not have resulted in a finding of marked limitations in the domains of interacting/relating with others or self-care because evidence in the record does not support such a finding. Magistrate Judge Dancks' Report-Recommendation decision to uphold the ALJ's findings is therefore not clearly erroneous and should be adopted. (*Id*.)

## II.   APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(c). "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(c); *accord* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

**III.   ANALYSIS**

After carefully reviewing the relevant findings in this action, including Magistrate Judge Dancks' thorough Report-Recommendation and Plaintiff's objection thereto, the Court can find no clear error in the Report-Recommendation; Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. The Court would add only the following points:

Foremost, the Court finds Plaintiff's objections merely repackage and reassert arguments presented in her initial Brief. (*Compare* Dkt. No. 23 *with* Dkt. No. 21.) As a result, the Court finds that "challenged" portions of the Report-Recommendation warrant only a clear-error review. *See, supra*, Part III of this Decision and Order. Further, because there is no clear error on the face of the Report-Recommendation, the Court finds that it survives that review.

In any event, even if the Court were to find that Plaintiff's arguments did not merely reiterate arguments presented in her initial Brief, the Court would find that they survive a *de novo* review and makes the following brief points. First, Plaintiff's argument that the ALJ inappropriately relied on evidence from 2016 and earlier while ignoring later evidence is insufficient to constitute an error given that Plaintiff does not point to what evidence (other than that which the ALJ provided sufficient reasons to reject) the ALJ should have afforded greater consideration. Further, to the extent that Plaintiff argues the ALJ was required to provide a detailed assessment of the impact of every limitation noted in the various opinions and how those changed over time, the Court notes that any such explanation (which is not required under the articulation standards contained in the relevant regulations) would also not have altered the outcome here, given that the 2018 teacher evaluation completed by Ms. Espiscopo (which is very clearly from after 2016, contrary to Plaintiff's argument that the ALJ failed to consider or rely on

6

any later evidence to support her conclusions) indicated only two "slight" problems in areas related to interacting with others (with those noted issues occurring only monthly or weekly), and five "slight" problems in areas related to caring for self, with frequency noted as weekly for those areas where a frequency box was checked. (Dkt. No. 8, at 954-56 [Administrative Transcript, hereinafter, "AT"].)  In the form dated December 2019, Ms. Ceilly notes only two "obvious" problems out of the ten listed in for the domain of caring for self, a finding that does not suggest an overall marked limitation in this area. (AT at 1020.)   She notes more extensive issues in the domain of interacting and relating with others, with two "obvious" problems that occur hourly, yet those areas (relating experiences/telling stories and using adequate vocabulary and grammar to express thoughts) are not related to the types of behavioral problems that Plaintiff argues were impacting Claimant's ability to get along with others. (AT at 1018.)  Ms. Ceilly further notes three "slight" problems: an hourly issue in following rules; a weekly issue in introducing and maintaining appropriate topics of conversation; and a daily issue in interpreting the meaning of facial expressions and body language. (*Id.*)  Putting aside the fact that the ALJ declined to rely on Ms. Ceilly's opinion,[1] Plaintiff has not persuasively argued how even adoption of the findings in Ms. Ceilly's evaluation related to these two domains support a marked restriction in functioning. Nor does Ms. Ceilly's opinion, when considered holistically, support Plaintiff's argument that the ALJ somehow failed to acknowledge a significant worsening in Claimant's functioning in the relevant domains between the fifth and seventh

---

[1]    The Court notes that the ALJ found that various "serious" and "very serious" limitations opined related to other domains of functioning were not supported by the other evidence in the record when affording that assessment less weight; she did not appear to reject the other lesser limitations in the domains that are at issue here, and, in any event, those few "obvious" and "slight" limitations do not appear to be inconsistent with the ALJ's findings of less-than-marked limitations in the relevant domains. (AT at 577.)

grades, much less one that required the ALJ to find that Claimant was markedly limited in either domain.

Appearing to recognize that the ratings in the relevant opinions do not support her arguments, Plaintiff argues that the ALJ erred in failing to give more credence to the written explanations in those opinions, arguing that those explanations are "far more important than curt labels." (Dkt. No. 11, at 15.) However, the ALJ was not permitted to ignore the quantified ratings provided by those sources, and the fact that Plaintiff believes the written explanations are more important (or inconsistent with the relevant ratings) does not bind a factfinder to come to the same conclusion. It is well-established that it is the duty and province of the ALJ to consider and weigh all the evidence. *See Michelle M. v. Comm'r of Soc. Sec.*, 18-CV-1065, 2020 WL 495170, at *8 (N.D.N.Y. Jan. 30, 2020) (Dancks, M.J.) (collecting cases).

Second, Plaintiff argues that the ALJ erred in failing to consider that Claimant's behavior and performance may have been better in the controlled context of a consultative examination when relying on the findings of the consultative examiners. Yet, this argument ignores that there is plenty of other evidence from outside such a "novel" context that supports the ALJ's finding of less-than-marked functioning in the relevant domains, including the teacher evaluations. In the absence of other compelling evidence that Claimant's behavior or self-care abilities were significantly worse than reflected by the consultative examination findings[2], any failure to explicitly consider the "novel" context of the consultative examination when assessing that evidence is at most harmless error.

---

[2]  The ALJ notably explained why she rejected opinion evidence and the subjective reports of Plaintiff and Claimant showing greater limitations.

On the whole, Plaintiff's arguments amount to little more than a request that this Court reweigh both the opinion and subjective testimony evidence and come to conclusions different than those reached by the ALJ. However, the Court may not do so, and instead must affirm the ALJ's findings where, as here, she has provided sufficient explanation and citation to substantial evidence to support her conclusions.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report and Recommendation (Dkt. No. 22) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: September 10, 2024
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge